Hector TOBON, Petitioner,

v.

UNITED STATES of America,
Respondent,

No. 99CIV3500(JES).
No. 97CR132(JES).

United States District Court,
S.D. New York.

Feb. 15, 2001.

Hector Tobon, Fort Dix, NJ, Petitioner Pro Se.

Mary Jo White, United States Attorney for the Southern District of New York, New York, James J. Benjamin, Jr., Assistant United States Attorney, Of Counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner *pro se* Hector Tobon ("petitioner") brings the instant motion pursuant to 28 U.S.C. § 2255 seeking relief from his sentence on the grounds that: (1) his plea agreement was not knowingly or voluntarily made; (2) his counsel was constitutionally ineffective in advising him to enter into a plea bargain that allegedly provided him with no real benefit; (3) the Court violated the United States Sentencing Commission Guidelines ("the Guidelines") by failing to make specific findings as to the quantity of drugs attributable to petitioner; and (4) the Government obtained certain evidence in connection with the pleaded offense in violation of the Fourth Amendment. For the reasons set forth below, petitioner's motion is denied.

## BACKGROUND

On February 3, 1997, petitioner was arrested while in an automobile carrying sixty-one kilograms of cocaine. *See* Affirmation of James J. Benjamin, Jr. ("Benjamin Aff."), Exhibit ("Exh.") A. Complaint dated February 4, 1997 ("Complaint") at ¶¶ 1–2. Subsequently, petitioner was indicted for conspiracy to distribute and possession with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 812(a)(1), 841(a)(1), and 841(b)(1)(A). *See* Indictment dated February 18, 1997 ("Indictment") at ¶ 2. With the assistance of counsel, Richard Jasper, Esq., petitioner entered into a plea bargain agreement dated June 29, 1997 ("the Original Plea Agreement") which provided, *inter alia,* that should petitioner plead guilty to certain alleged counts, the Government would recommend petitioner be sentenced at the bottom of a Guideline range of 135 to 168 months, a range which included a three-level reduction for acceptance of responsibility. *See* Benjamin Aff., Exh. D, Plea Agreement dated June 29, 1997 ("Original Plea Agreement") at ¶¶ A(1–4), C. The Original Plea Agreement also provided that should petitioner be sentenced within the Guideline range, he would waive his right to appeal such sentence pursuant to 28 U.S.C. § 2255. *See id.* at 3.

On August 5, 1997, petitioner appeared before Magistrate Judge Henry B. Pitman of this Court to plead guilty pursuant to the Original Plea Agreement. *See* Benjamin Aff., Exh. C, Transcript of Plea Proceedings dated August 5, 1997 ("Plea Transcript") at 1. At that time, Judge Pitman conducted a thorough allocution of petitioner, determining that (1) he was not under the influence of any medication, drugs or alcohol; (2) he was not under the care of a doctor or psychiatrist; (3) he understood the constitutional rights he was waiving; (4) he was pleading guilty voluntarily and not as the result of any threats or promises apart from his plea agreement; (5) his plea agreement had been translated for him; and (6) he was generally satisfied with his counsel's representation. *See id.* at 2–11. Judge Pitman accordingly informed petitioner that he faced a minimum sentence of ten years and that by virtue of his plea agreement he would give up any right to appeal a sentence within the stipulated Guideline range. *See id.* at 6–9. Thereafter, upon being told by petitioner that petitioner had agreed with his co-defendant to pick up and deliver sixty-one kilograms of cocaine and that he believed such action was "wrong," Judge Pitman concluded that petitioner was fully competent, was aware of the nature of the charges and consequences of his guilty

plea, and had voluntarily entered into such plea. *See id.* at 11–14.

However, at sentencing before this Court on December 12, 1997, petitioner stated that he was dissatisfied with counsel, claiming that his attorney had failed to secure additional Guideline reductions from the Government. *See* Benjamin Aff., Exh. E, Transcript of Sentencing Proceeding dated December 12, 1997 ("Initial Sentencing Transcript") at 7. In response, this Court asked petitioner twice if he wanted to retract his guilty plea, but twice petitioner responded that he did not. *See id.* at 7, 10. To the contrary, petitioner stated unequivocally that he did not wish to go to trial and that he "chose to plead guilty, because truly [he was] guilty, because they found [him] with the merchandise." *Id.* at 8. This Court therefore postponed sentencing and appointed new counsel, Alex Eisemann, Esq., who engaged in further negotiations with the Government regarding petitioner's plea. *See id.* at 15.

After such negotiations, Mr. Eisemann was able to obtain an amendment to petitioner's plea agreement that provided in part that the Government would consent to petitioner receiving a one-level downward departure for promising not to contest deportation proceedings after his release. *See* Benjamin Aff., Exh. F, Amended Plea Agreement dated March 18, 1998 ("Amended Plea Agreement") at ¶¶ 1–8. In accordance with the Amended Plea Agreement, petitioner's Guideline range was reduced to 121 to 151 months from 135 to 168 months. *See* Transcript of Sentencing Proceeding dated April 13, 2000 ("Second Sentencing Transcript") at 2. This Court thereafter sentenced petitioner at the bottom of this range to 121 months on April 13, 2000. *See id.* at 4.

## DISCUSSION

◼ At the outset, petitioner's claim is procedurally barred because he has waived his right to appeal the imposition of any sentence within the stipulated Guideline range. *See United States v. Salcido-*

*Contreras,* 990 F.2d 51, 52 (2d Cir.1993), *cert. denied* 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). While petitioner claims that such waiver was not entered into knowingly and voluntarily, *see United States v. Djelevic,* 161 F.3d 104, 106–107 (2d Cir.1998), this Court finds such claim entirely without merit.

At petitioner's plea hearing, Judge Pitman asked several specific questions to determine whether petitioner fully understood these proceedings. *See* Plea Transcript at 2. Accordingly, Judge Pitman found that petitioner was fully competent and aware of the consequences of his guilty plea, and that his understanding of the proceedings was not inhibited by any extraneous factor, like a limited educational background, the provision of inhibiting medical care, or a lack of translation of the proceedings. *See id.* at 11–14. Moreover, Judge Pitman explicitly provided petitioner with notice that he was giving up any right to appeal a sentence within the Guideline range of 135 to 168 months, and petitioner stated that he understood such condition without any protest. *See id.* at 6–9. As such, petitioner can hardly claim now that he was unaware that he would give up this right by virtue of his plea.

◼ Likewise, petitioner's claim that he would not have entered into a plea agreement had he been effectively represented by counsel is without merit. The standards governing claims of ineffective assistance of counsel in the context of a plea agreement are well settled. Petitioner must show both that "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that petitioner was "prejudiced," in that "there [was] a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

■ At the outset, petitioner's claim fails because he nowhere alleges that *but for* counsel's deficiency he would have insisted on going to trial. Nor could petitioner have made such an allegation. When petitioner expressed dissatisfaction with his counsel, this Court explicitly asked petitioner *twice* if he wanted to rescind his guilty plea, and petitioner unequivocally answered *twice* that he did not wish to go to trial. *See* Initial Sentencing Transcript at 7–8, 10. Such conduct conclusively demonstrates that petitioner had absolutely no intention of going to trial, and petitioner cannot now demonstrate prejudice by simply asserting that he would have received a lower sentence had he entered a "naked plea" without the assistance of counsel.[1]

Moreover, petitioner fails to show that the performance of either of his attorneys fell below an "objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. His initial attorney, Mr. Jasper, was able to gain a three-level reduction in offense level through credits for acceptance of responsibility and petitioner's lack of criminal history. *See* Original Plea Agreement at ¶ A,C. Likewise, petitioner's second attorney, Mr. Eisemann, in a rare plea renegotiation with the Government, gained an additional one-level reduction in exchange for petitioner's further concession not to contest deportation proceedings. *See* Amended Plea agreement at ¶¶ 1–4, 8. Such renegotiation has in fact proven to be a total windfall to petitioner, as the Second Circuit decided shortly thereafter that a reduction in offense level is permitted for consent to deportation only when a defendant can present a "non-frivolous defense to deportation, such that the act of consenting to deportation carries

with it unusual assistance to the administration of justice." *See United States v. Galvez–Falconi,* 174 F.3d 255, 260 (2d Cir. 1999). Such defense is wholly unavailable to petitioner here by virtue of his federal narcotics conviction, and accordingly petitioner can not now argue that counsel was ineffective in securing this unwarranted reduction.

Finally, while petitioner contends that further reductions were warranted based on his alleged minimal role in the crime and reduced capacity, he provides the Court with absolutely no factual basis for his assertions that he played a minor role in the offense or that his reduced capacity would have necessitated a further downward departure. *See United States v. Piervinanzi,* 23 F.3d 670, 684 (2d Cir. 1994). Similarly, while petitioner claims he was subject to some inordinate hardship during incarceration due to his status as an immigrant, he again provides no factual basis for such claim and his immigration status alone cannot serve as a basis for a departure. *See United States v. Sprei,* 145 F.3d 528, 534 (2d Cir.1998). As such, this Court finds that petitioner's plea was entered into knowingly and voluntarily, and was not undermined by any deficiency of counsel. *See U.S. v. DeJesus,* 219 F.3d 117, 123 (2d Cir.2000).

*Application of Sentencing Guidelines*

■ Petitioner next claims that this Court did not make the requisite findings of fact under the Sentencing Guidelines with regard to the scope of his conspiracy, the foreseeability of his accomplices' conduct, and the drug amounts in the indictment. Initially, as noted above, such claims are procedurally barred as petitioner has waived his right to challenge a

---

1. While, petitioner claims that prejudice should be measured only by whether he would have received a lower sentence but for counsels' ineffectiveness, such claim is contrary to well-established precedent as outlined above. *See Hill,* 474 U.S. at 59, 106 S.Ct. 366 (1985); *see also Cullen v. United States,* 194 F.3d 401, 404–5 (2d Cir.1999) (holding that prejudice is demonstrated when a reasonable

probability exists that petitioner would have pled guilty rather than have gone to trial had counsel advised him of an offered plea arrangement). In any event, as discussed *infra,* petitioner fails to allege any facts which support his claim that he would have received a lower sentence though a "naked" plea of guilty entered into without the benefit of his plea agreement.

sentence within the range of 135 to 168 months as part of his Original Plea Agreement. *See* Original Plea Agreement at ¶¶ 1–4. Moreover, petitioner's claims are barred because he has failed to raise them on direct review, and because he has failed to demonstrate a factual basis for an exception to this procedural bar.[2] *See Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (cause and prejudice); *see also Graziano v. United States,* 83 F.3d 587, 587–90 (2d Cir. 1996) (holding that errors in a court's application of the Sentencing Guidelines generally do not constitute a "fundamental defect" resulting in a "complete miscarriage of justice.")

*Fourth Amendment Claims*

■ Finally, petitioner claims that his Fourth Amendment rights were violated in that no probable cause existed for his questioning or for the search of the vehicle in which he was stopped. By virtue of his plea agreement, however, petitioner "has waived all of these non-jurisdictional defenses and cannot raise them now by collateral attack." *LaMagna v. United States,* 646 F.2d 775, 778 (2d Cir.1981); *see also United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.1996). Moreover, in any event, petitioner's claim is without merit, as it is uncontested that consent was given to search the automobile and petitioner provides no factual basis for his assertion that such consent was obtained improperly or

that his initial stop was unlawful. *See U.S. v. Brown,* 102 F.3d 1390, 1395 (5th Cir. 1996), *cert. denied* 520 U.S. 1179, 117 S.Ct. 1455, 137 L.Ed.2d 559, *overruled on other grounds by U.S. v. Brown,* 161 F.3d 256 (5th Cir.1998).[3]

### CONCLUSION

For the reasons stated herein, petitioner's motion for a writ of habeas corpus shall be and is hereby denied. No certificate of appealability shall issue. The Clerk of the Court is directed to close the above-captioned action.

It is **SO ORDERED.**

---

2. Similarly, petitioner's assertion that the Government was required to prove the drug quantity attributable to him beyond a reasonable doubt is also without merit. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2363, 147 L.Ed.2d 435 (2000). Even assuming that *Apprendi* holds retroactive effect and is applicable in the plea context, *but see U.S. v. Champion,* 234 F.3d 106, 110 n. 3 (2d Cir.2000), its holding is inapplicable where a defendant has not been sentenced beyond the statutory maximum for a drug quantity to which he has stipulated. *See id.* at 110.

3. The Court also notes that after full briefing on the instant motion, and after rebriefing following petitioner's filing of an amended petition, petitioner again requested leave to

amend in light of his "finding" that the copy of his indictment submitted by the Government with its opposition papers was unsigned by the Grand Jury Foreperson. *See* Motion for Leave to Further Supplement Pending Motion under 28 U.S.C. § 2255 dated July 24, 2000 at 1–2. While the indictment copy submitted by the Government was in fact unsigned, the Court has independently determined that the original indictment was signed by the Grand Jury Foreperson, and petitioner provides absolutely no support for his contention that such signature was procured improperly. *See* Indictment dated February 18, 1997 at 2. As such, petitioner's request for leave to amend would be futile and is hereby denied.