**UNITED STATES of America, Appellee,**

v.

**Franklin VILLAFANA, aka "Domingo Guava", Defendant–Appellant.**

**Docket No. 00–1554L(L).**

United States Court of Appeals, Second Circuit.

June 11, 2002.

Israel Arana, NY, for Appellant.

Christine Y. Chi, Ass't U.S. Att'y, SDNY, NY, for Appellee.

Present KEARSE, McLAUGHLIN, Circuit Judges, and HAIGHT, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and de-

---

\* Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

creed that the judgment of said District Court be and it hereby is affirmed.

Defendant Franklin Villafana appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Kimba M. Wood, *Judge,* convicting him of conspiring to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846; distributing and possessing with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); conspiring to commit robbery in interference with commerce, in violation of 18 U.S.C. § 1951; and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Villafana was sentenced principally to 180 months' imprisonment to be followed by a five-year term of supervised release. On appeal, he contends principally (1) that his criminal history category under the Sentencing Guidelines ("Guidelines") was overstated and that his trial counsel was ineffective in not objecting to the calculation, (2) that the government breached its obligations under the cooperation agreement, (3) that determinations by the district court by a preponderance of the evidence, instead of by a jury beyond a reasonable doubt, as to the quantity of narcotics and as to his prior convictions violated the holding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and (4) that the district court misapprehended its authority to grant a downward departure. Finding no merit in his contentions, we affirm.

Villafana challenges the court's calculation that his criminal history category was III, arguing that the sentences previously imposed on him should have been counted as a single sentence under Guidelines § 4A1.2(a)(2) because all of his prior convictions were closely related since they resulted from his chronic drug and alcohol addiction. This contention is meritless. Prior sentences are to be "considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." Guidelines § 4A1.2 Application Note 3. Villafana's prior offenses—two episodes of drunk driving and one of bail jumping—do not meet any of these requirements, having occurred at different times and places, and cannot constitute a common scheme or plan simply because of their connection to Villafana's chronic drug and alcohol addictions. *See, e.g., United States v. Bauers,* 47 F.3d 535, 538 (2d Cir.1995) (no common scheme or plan "when the previous crimes involve separate victims and different locations, even when the actual crimes charged are similar"); *United States v. Chartier,* 970 F.2d 1009, 1016 (2d Cir.1992) (no common scheme or plan where defendant's pattern was to steal whenever he needed money to support his lifestyle). Nor do we see any substandard performance by Villafana's attorney, *see generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in connection with the criminal history category calculation.

Villafana's contention that the government breached its obligations under his cooperation agreement is similarly lacking in merit. Upon its determination that Villafana had provided substantial assistance, the government was required to, and did, make a motion for a downward departure pursuant to Guidelines § 5K1.1. The government's accompanying statement that Villafana's assistance was compromised by his misconduct and lack of candor was not a breach of the cooperation agreement. That agreement did not require the government to give its unqualified endorsement, but rather stated that the United

States Attorney's "Office will inform ... the Court of ... the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing[,] and ... the nature and extent of the defendant's cooperation with this Office."

Villafana's *Apprendi* contentions also have no merit. His contention that the issue of whether he had prior convictions was required to be submitted to the jury is unsupported by *Apprendi* itself, which stated that its ruling applied to elements of an offense "[o]ther than the fact of a prior conviction," 530 U.S. at 490. His contention that the issue of drug quantities should have been submitted to the jury provides no basis for reversal in light of the facts (a) that he allocated to quantities of heroin and cocaine that subjected him to a mandatory minimum, and a jury could not have found differently, *see United States v. Champion*, 234 F.3d 106, 109–10 (2d Cir.2000) (per curiam), and (b) that he was sentenced to 50 months on each of the drug counts, well below the statutory maximum (life imprisonment) and the 120–month mandatory minimum for those counts.

Finally, the district court's refusal to impose a lower sentence on Villafana by means of a downward departure is not a proper subject for appeal. A district court's decision not to depart from the Guidelines is not reviewable on appeal unless the court has misapplied the Guidelines, imposed an illegal sentence, or misapprehended its departure authority under the Guidelines. *See, e.g., United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (per curiam); *United States v. Haynes*, 985 F.2d 65, 68 (2d Cir.1993). Here we see no illegal sentence or error of law, and any suggestion that the district court believed it lacked authority to depart is belied by the fact that the court did depart. When the court has granted a departure, its refusal to depart to a greater extent is similarly unreviewable. *See, e.g., United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.), *cert. denied*, 525 U.S. 1048, 119 S.Ct. 607, 142 L.Ed.2d 547 (1998); *United States v. Moon*, 926 F.2d 204, 207, 210 (2d Cir. 1991).

We have considered all of Villafana's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.