UNITED STATES of America, Appellee,

v.

John DOE, et al., Defendants,

Charles Carpenter,* Defendant–Appellant.

No. 02–1279.

United States Court of Appeals, Second Circuit.

May 13, 2003.

---

1. We note that the defendant has not sought to withdraw that plea or to challenge the agreement itself.

* At the request of the parties, the names of the defendants have been changed.

Joshua L. Dratel, New York, NY, for Appellant.

Eric Snyder, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: FEINBERG, KATZMANN, Circuit Judges, and MURTHA,[1] District Judge.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of May, two thousand three.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Petitioner–Appellant Charles Carpenter appeals an order of the district court dated April 18, 2002, denying his petition to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, we affirm the decision of the district court.

Carpenter pled guilty pursuant to a cooperation agreement with the government on February 7, 1995, to a four-count superseding information: One count of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), with three murders, one attempted murder, and narcotics conspiracy as predicate acts; a second count of

---

1. The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

using an interstate facility in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958; a third count of engaging in a continuing criminal conspiracy pursuant to which Carpenter was an organizer, supervisor or manager, in violation of 21 U.S.C. § 848(a); and a fourth count seeking forfeiture of the proceeds of the relevant criminal enterprises. As part of the cooperation agreement, the government promised to make a motion at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1. The agreement expressly conditioned the government's satisfaction that Carpenter's cooperation was complete and truthful. The agreement stated that if the government determined that Carpenter had violated any provision of the agreement, it would be released from its obligation to make a 5K1.1 motion. In January 1995, Carpenter testified before a grand jury about an attempted murder committed by members of his criminal organization. Prosecutors discovered that he had lied in his testimony in an effort to protect certain family members who were implicated in the crime. They recalled Carpenter in May of 1995, and he corrected his previous testimony. The government warned Carpenter that any further misrepresentations would void his cooperation agreement. In early 1996, the government suspected that Carpenter had misrepresented the extent of his involvement in various other murders. Prosecutors confronted him, and he acknowledged the had not been fully truthful.

As a result of Carpenter's untruthfulness, the government informed him on March 29, 1996, that it considered him in violation of the agreement and that it would not make a 5K1.1 motion on his behalf. Carpenter moved to compel the government to make a 5k1.1 application, but the district court held that Carpenter had failed to demonstrate that the government acted in bad faith and denied the motion.

On February 5, 1999, the district court denied a downward departure motion brought by Carpenter and sentenced him to life imprisonment. The court noted that at Carpenter's guidelines range, even a substantial departure of five levels would not take the sentence out of life imprisonment. The sentence was summarily affirmed on direct appeal. *United States v. Carpenter*, 205 F.3d 1325 (table), 1999 WL 1489808 (2d Cir. Dec.29, 1999). *cert. denied*, 531 U.S. 857, 121 S.Ct. 141, 148 L.Ed.2d 93 (2000).

Carpenter then petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He charged that his sentence was unconstitutional under the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Specifically, he argued that (1) the guidelines are unconstitutional as applied to him because the government's decision not to file a 5K1.1 motion was a factor that increased his sentence that was not submitted to a jury or proved beyond a reasonable doubt; and (2) the government had not been required to prove beyond a reasonable doubt that it acted in good faith when it decided not to file a 5K1.1 motion. The district court denied Carpenter's petition in a Memorandum and Order dated April 16, 2002. *Brown v. United States*, No. 01 Civ. 9959, 2002 WL 619027 (S.D.N.Y. Apr.18, 2002).

We review the District Court's decision to deny a habeas petition *de novo*. *Morris v. Reynolds*, 264 F.3d 38, 45 (2d Cir.2001), *cert. denied*, 536 U.S. 915, 122 S.Ct. 2381, 153 L.Ed.2d 199 (2002).

Ordinarily we would address the government's contention that, because Carpenter failed to raise his arguments on direct appeal, he may not now bring them in a collateral attack, *see Wainwright v. Sykes*,

433 U.S. 72, 87–91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), unless he can show both "cause" for his failure to raise the issue and "prejudice" by not being allowed to raise it in his habeas petition, *see Engle v. Isaac,* 456 U.S. 107, 124–35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). However, because the merits of the petition are easily resolved, we look beyond the possible procedural default and address the merits. *Kuhali v. Reno,* 266 F.3d 93, 101 (2d Cir. 2001) ("It is well-settled that the doctrine of procedural default is prudential rather than jurisdictional in nature.") (citing *Spence v. Superintendent, Great Meadow Corr. Facility,* 219 F.3d 162, 170 (2d Cir. 2000)).

■ *Apprendi* holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Because Carpenter's sentence was not increased beyond the statutory maximum, and because all the relevant sentencing facts were admitted in a plea allocution, the equivalent of a jury finding, *Apprendi* has no relevance to this case

First, this Court has consistently held that *Apprendi* does not effect sentences that are within the statutory maximum. *See United States v. Norris,* 281 F.3d 357, 360–61 (2d Cir.), *cert. denied,* 536 U.S. 949, 122 S.Ct. 2641, 153 L.Ed.2d 820 (2002); *United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir.2001) (in banc). Carpenter's conviction under the RICO and Continuing Criminal Enterprise counts carry a maximum penalty of life imprisonment. Accordingly, *Apprendi* is not implicated.

Carpenter argues that the Supreme Court's decision in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), casts doubt on the continuing validity of this Court's precedents in this area.

This Court has continued to refuse to extend *Apprendi* to mandatory minimum sentences after *Ring,* however. *See, e.g., United States v. Thorn,* 317 F.3d 107, 124 (2d Cir.2003); *United States v. Luciano,* 311 F.3d 146, 153 (2d Cir.2002). Carpenter's arguments are unavailing.

Furthermore, a guilty plea in which the defendant admits to the underlying offense conduct is the equivalent to a jury determination. *Morris,* 264 F.3d at 48–49 (citing *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)). In the instant case, Carpenter admitted to all of the sentencing facts in his plea allocution. When a defendant is sentenced based on a plea in which he admits to the sentencing facts, *Apprendi* is not implicated. *United States v. Champion,* 234 F.3d 106, 110 & n. 3 (2d Cir.2000) (per curiam).

■ Carpenter also claims that because the prosecution's decision to declare him in breach of the cooperation agreement and refuse to make a 5K1.1 motion had the effect of increasing his sentence, *Apprendi* mandates that the government's good faith should be subject to proof beyond a reasonable doubt. The law in this Circuit is well-settled that the decision to make a 5K1.1 motion is left to the discretion of the prosecution. *United States v. Rexach,* 896 F.2d 710, 713 (2d Cir.1990); *accord United States v. Reeves,* 296 F.3d 113, 116 (2d Cir.2002). When the government decides not to move for a downward departure, the only grounds available to a defendant to challenge that decision is whether the government acted in bad faith or based its decision on impermissible criteria like race. *United States v. Hon,* 17 F.3d 21, 25 (2d Cir.1994). *Apprendi* applies only to facts that are the "functional equivalent of an element of a greater offense." *Apprendi,* 530 U.S. at 494 n. 19, 120 S.Ct. 2348. The facts relied upon by the government in deciding not to make a 5K1.1 application

are not the equivalent of an element, and have nothing to do with increasing the sentence beyond the statutory maximum. *See id.* at 490, 120 S.Ct. 2348. This argument is also without merit

The judgment of the district court is AFFIRMED.