UNITED STATES of America Appellee,

v.

Michael ROBINSON, Defendant,

Darryl STEELE, Defendant–Appellant.

No. 03–1068.

United States Court of Appeals, Second Circuit.

Sept. 15, 2003.

---

Philip L. Weinstein, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

Harry Sandick, Assistant United States Attorney, Southern District of New York (James H. Comey, United States Attorney, Gary Stein, Assistant United States Attorney, on the brief), for appellee.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Defendant-appellant Darryl Steele appeals from a sentence entered on a judgment of the United States District Court for the Southern District of New York (Rakoff, J.), convicting him, after a bench trial, of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.

In determining Steele's sentence, the district court granted a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), but denied an additional one-level adjustment for acceptance of responsibility under § 3E1.1(b)(1). The only issue on appeal is whether Steele was entitled to the additional one-level reduction.

A sentencing court's determination regarding whether defendant is entitled to an adjustment to his base offense level for acceptance of responsibility under § 3E1.1(b)(1) is a factual determination reviewed for clear error. *United States v. Champion*, 234 F.3d 106, 110 (2d Cir.2000).

Steele's co-conspirator, Michael Robinson, made arrangements to buy six kilograms of cocaine from a confidential informant in March 2002. To do so, Robinson hired Steele to drive a rented van from Buffalo to Manhattan. Although over $160,000 was seized from the rental van, Steele admitted to knowing about only $30,000, which was sufficient to purchase between one and two kilograms of cocaine. In calculating Steele's offense level, the district court concluded, however, that it is "[m]ore probable than not" that appellant entered into an agreement involving more than five kilograms, as was charged in the indictment.

Steele argues that because the district court found he admitted every element of the charged offense and granted him a two-level reduction for acceptance of responsibility under § 3E1.1(a), he is entitled to the additional one point under § 3E1.1(b)(1). This argument is contrary to the plain language of the Sentencing Guidelines.

The additional one-level reduction under § 3E1.1(b)(1) is improper given that Steele did not "timely provid[e] complete information to the government concerning his

own involvement in the offense." U.S.S.G. § 3E1.1(b)(1). The Guidelines' plain language requires that Steele's admission be complete; however, by not admitting the quantity of drugs the district court found attributable to him by a preponderance of the evidence, he did not provide complete information even though he sufficiently admitted his involvement in the offense.

Accordingly, we hold that the district court's determination here was not clearly erroneous.

For the reasons set forth above, the judgment of the district court is AFFIRMED.