10-2645-cr
United States v. Joseph

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
                 *Circuit Judges*
         MIRIAM G. CEDARBAUM,[*]
                 *District Judge.*

---

UNITED STATES OF AMERICA,

               *Appellee*,

     v.                   10-2645-cr

RORY JOSEPH,

               *Defendant-Appellant.*

---

[*] Judge Miriam G. Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     NICHOLAS J. PINTO, New York, NY

FOR APPELLEE:     CHRISTOPHER M. MATTEI, Assistant United States Attorney (Robert M. Spector, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of United States District Court for the District of Connecticut is **AFFIRMED**.

Appellant appeals from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*), which imposed the statutory maximum sentence of 120 months' imprisonment, followed by three years of supervised release. Pursuant to a plea agreement, Defendant-Appellant Rory Joseph pleaded guilty to a one-count indictment charging him with unlawful possession of a firearm by an individual who is subject to a restraining order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). On June 24, 2010, the district court sentenced Joseph to the statutory maximum of 120 months' imprisonment, followed by three years of supervised release. Joseph requests that the Court vacate the sentence and argues that the Government breached the plea agreement.

Joseph also claims that the district court committed procedural and substantive error when determining his sentence.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To determine whether a plea agreement has been breached, we "look[] to the reasonable understanding of the parties as to the terms of the agreement."  *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002) (internal quotation marks and citations omitted).  Although we typically review the district court's interpretation of a plea agreement *de novo*, *id.*, where, as here, the defendant fails to object below to the government's alleged breach of a plea agreement, the defendant has forfeited the claim unless he can show plain error under Federal Rule of Criminal Procedure 52(b).  *Puckett v. United States*, 556 U.S. 129, 134 (2009).  Joseph is not entitled to relief because not only is there no plain error, there is no error at all.

Joseph's principal argument on appeal is that the Government breached the plea agreement by using information known to the Government at the time the plea agreement was executed to advocate later, during sentencing, for a two-

level enhancement for obstruction of justice and against a reduction for acceptance of responsibility. Relying heavily on *United States v. Palladino*, 347 F.3d 29 (2d Cir. 2003), Joseph argues that because the Government learned (and did not disclose to Joseph) that he was soliciting Cornelius Taylor to murder his former girlfriend in October 2009—two months before the plea agreement was executed—the Government could not rely on this conduct at sentencing.

We conclude that the Government did not breach the plea agreement by relying on this conduct. Joseph's campaign to orchestrate his former girlfriend's murder was still under investigation when the plea agreement was signed and, therefore, provides a "good faith post-agreement basis" to advocate for sentencing enhancements and against a reduction for acceptance of responsibility. *United States v. Roe*, 445 F.3d 202, 210 (2d Cir. 2006). Indeed, the conduct at issue continued for two months *after* the execution of the agreement. Moreover, *Palladino* is distinguishable. There, we held that the government breached the plea agreement by seeking an enhancement based on information known to the government before the plea agreement. *Palladino*, 347 F.3d at 34. Here, by contrast, the information was still under

4

investigation when the plea agreement was executed.

We also reject Joseph's contentions that the Government breached the plea agreement by advocating for additional enhancements other than those specifically outlined in the plea agreement and by advocating for a non-Guideline sentence. The Government's actions were entirely consistent with the plain language of the plea agreement, which states: "The parties reserve their respective rights to argue for or oppose additional adjustments to, and departures from, the applicable guideline range as determined by the Court. Additionally, both parties reserve their right to argue for and/or oppose a non-guideline sentence."

We turn next to Joseph's claim that the district court committed procedural and substantive error when determining his sentence. We review the sentence imposed by the district court to determine whether it is reasonable. *United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (*en banc*); *Gall v. United States,* 552 U.S. 38, 46 (2007). Reasonableness review, which has both procedural and substantive components, is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

First, we reject Joseph's claim that the district court committed procedural error by imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  Generally, in order to apply this enhancement, the district court must find that the defendant acted with "specific intent to obstruct justice."  *United States v. Woodard*, 239 F.3d 159, 162 (2d Cir. 2001) (internal quotation marks omitted).  Here, the district court found that the enhancement was proper because following his arrest, from August 2009 to February 2010, Joseph attempted to solicit Taylor to murder his former girlfriend.  In making this finding, the district court found the testimony of Taylor to be particularly credible.  We cannot say that this was clearly erroneous.  Taylor's testimony was also corroborated by the testimony of Special Agent Wheeler.

Moreover, we reject Joseph's argument that the district court erred by finding that Joseph attempted to arrange his former girlfriend's murder with the specific intent of making her unavailable for sentencing.  Taylor testified that Joseph's motivation for murdering his former girlfriend was that "[h]e didn't want her to be around where she can testify against him."  Indeed, even if, as Defendant argues,

6

he was unaware of his former girlfriend's role in the prosecution in August 2009 when he started soliciting Taylor to murder her, there is no doubt that he would have been aware of her potential role by February 2010 after receiving the Government's discovery materials.

Second, the district court did not commit procedural error by refusing to grant Joseph a reduction to his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The reduction is unavailable, except in "'extraordinary cases,'" to a defendant properly found to merit an obstruction-of-justice enhancement. *United States v. Champion*, 234 F.3d 106, 110 (2d Cir. 2000) (per curiam) (quoting U.S.S.G. § 3E1.1, cmt. n.4).

Joseph argues that the district court erred in not granting the reduction because he did not frivolously contest relevant conduct. This misses the point. The district court focused on Joseph's post-arrest conduct, not Joseph's denials of Taylor's testimony. The district court stated: "I don't see how a person who commits a crime . . . [and] who then while incarcerated . . . does the same thing over again can be said to have accepted responsibility for the offense." Considering that Joseph solicited Taylor to

7

murder his former girlfriend for over five months, there was more than adequate evidence in the record to make this finding.

Third, we find no procedural error in the district court's upward departure based on extreme psychological injury to the victim, Joseph's former girlfriend. The Guidelines permit an upward departure when psychological injury to the defendant's victim is "much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5K2.3. In addition, there must be "a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns." *United States v. Lasaga*, 328 F.3d 61, 65-66 (2d Cir. 2003) (quoting U.S.S.G. § 5K2.3).

Here, the district court engaged in a thorough analysis of this Court's case law in concluding that a departure was appropriate. The district court noted: "It strikes me that the victim in this case clearly demonstrates extreme isolation, personality change, unusual suspicion . . . [a]nd

8

prolonged fear, prolonged because of a very active defendant that continued long after the commission of the offense of conviction." The district court also highlighted the victim's sense of guilt about the endangerment of her family, which the district court observed was not "a psychological harm that would normally be experienced in the commission of this crime." Accordingly, we find no error in the district court's departure.

Finally, we need not consider Joseph's claim that the district court's sentence was substantively unreasonable. Joseph did not raise this issue until his reply brief and, therefore, it has been waived. *See Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010).

We have considered Joseph's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court imposing a sentence principally of 120 months' imprisonment is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9