**UNITED STATES of America, Appellee,**

v.

**Julio RIVERA, Defendant–Appellant.**

**No. 239, Docket 91–2277.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 30, 1991.

Decided Jan. 21, 1992.

Julio Rivera, pro se.

Peter D. Markle, New Haven, Conn., Asst. U.S. Atty., D. Conn. (Richard N. Palmer, U.S. Atty., D. Conn., of counsel), for appellee.

Before OAKES, Chief Judge, FEINBERG and ALTIMARI, Circuit Judges.

FEINBERG, Circuit Judge:

Julio Rivera, pro se, appeals from an order of the United States District Court for the District of Connecticut, T.F. Gilroy Daly, J., denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Rivera claims that he should be allowed to withdraw his guilty plea because it was "unlawfully induced by a breached plea agreement." For reasons set forth below, we reject this contention, and we affirm.

## I.

During the latter part of 1988 and the early months of 1989, an extensive investigation of Rivera strongly indicated that he was a major narcotics dealer operating in New Haven, Connecticut. After execution of search warrants in April 1989 at Rivera's residence and thereafter at another location used by Rivera, Rivera entered into a plea agreement with the United States Attorney for the District of Connecticut. Under the agreement, Rivera would plead guilty to only a one-count information charging him with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The plea agreement stated in part:

The Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full and complete disclosure to both the Government and the Probation Office of the circumstances surrounding his commission of the offense. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the two-level reduction.

. . . . .

The Government will inform the Court of the full nature and extent of the defendant's cooperation, including its investigative and prosecutive value, completeness, truthfulness, and accuracy.

The agreement also stated:

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void this agreement.

In December 1989, the district court accepted Rivera's guilty plea. In February 1990, Rivera failed to appear for sentencing, and the court issued a bench warrant for his arrest. Rivera was subsequently arrested in New York City on unrelated drug charges; at the time of his arrest, Rivera possessed 106 glassine envelopes of heroin. Rivera was returned to Connecticut for sentencing and also pled guilty to a charge of failure to appear.

In September 1990, Rivera was sentenced on the charge of conspiring to distribute cocaine. At sentencing, the court inquired as to whether Rivera and his attorney had reviewed the presentence investigation report, to which defense counsel replied affirmatively. The presentence report stated that there were, in fact, no objections from either the government or the defendant to the calculations and conclusions contained in the report. Among those calculations and conclusions was the elimination of a previously recommended two-level reduction for acceptance of responsibility. The report made clear that this reduction was no longer warranted because Rivera had failed to appear for sentencing and had not voluntarily terminated his association with criminals and/or criminal activity. When asked if there were any exceptions to the report, Rivera's attorney said, "There are no exceptions, your honor" and stated that it was "a fully accurate pre-sentence report for your honor." The court then asked Rivera whether he had been over the report to his satisfac-

tion, to which the defendant replied, "Yes." The court then said, "And do you agree with what your counsel just said about them?" The defendant replied, "Yes." The government did not recommend a reduction for acceptance for responsibility and did not discuss Rivera's cooperation. The district court then sentenced Rivera to 151 months imprisonment and five years of supervised release.

In March 1991, Rivera filed a § 2255 motion to vacate, set aside or correct his sentence. After a response from the government, Judge Daly denied the motion in April 1991. This appeal followed.

## II.

Rivera emphasizes to us that due to his failure to appear for sentencing in February 1990, the government at the later sentencing hearing neither recommended a reduction of sentence for acceptance of responsibility nor discussed Rivera's cooperation. Thus, Rivera argues, the government exercised its option to void the plea agreement and Rivera could not properly have been sentenced on a void guilty plea. In effect, Rivera argues, the district court should have allowed him to withdraw his plea. In addition, Rivera claims that he did not understand that if he breached his promises under the plea agreement the government could fail to fulfill its obligations while still holding him to his guilty plea. Relying on *Innes v. Dalsheim*, 864 F.2d 974, 979 (2d Cir.1988), cert. denied, 493 U.S. 809, 110 S.Ct. 50, 107 L.Ed.2d 19 (1989), Rivera adds that since the government drafted the plea agreement, the government must bear the burden for any lack of clarity in the agreement and any ambiguities should be resolved in his favor.

This court has found that principles of contract law may be helpful in interpreting plea agreements, see, e.g., *United States v. Alexander*, 869 F.2d 91, 95 (2d Cir.1989), although some of our decisions have exhibited less enthusiasm than others for this proposition. See, e.g., *Innes*, 864 F.2d at 978. It is certainly true that criminal sentencing proceedings are not the same as civil contract disputes. See *United States*

*v. Khan*, 920 F.2d 1100, 1105 (2d Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991). Nevertheless, we look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir.1982) (per curiam), cert. denied, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983).

We find that the reasonable meaning of the plea agreement is that Rivera's failure to appear for sentencing would not release him from his plea of guilty but would release the government from its obligations to recommend a sentence reduction. Rivera claims that he understood the plea agreement to mean that he could withdraw his guilty plea if he failed to appear for sentencing. We doubt that this was actually his understanding, but even if it was, such an interpretation of the agreement was unreasonable. As indicated above, the agreement stated that the government would agree to recommend a sentence reduction "based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense" and this was also "conditioned" upon defendant's disclosures. By failing to appear for sentencing, Rivera failed to accept his responsibility for the offense. See U.S.S.G. § 3E1.1, comment. (n. 4) and § 3C1.1, comment. (n. 3(e)) (failure to appear at a judicial proceeding ordinarily indicates that defendant has not accepted responsibility). Thus, because Rivera failed to live up to his obligation, the government was not required to recommend a sentence reduction. Therefore, the government did not breach the agreement by declining to make such a recommendation. Nor, as the record makes clear, did the government exercise its option to "void" the agreement because of Rivera's failure to appear.

With regard to the government's failure to mention Rivera's cooperation at sentencing, it is clear from the record before us, including the lack of objection on this issue at sentencing by Rivera and his counsel, that there was nothing significant to report. We therefore affirm the district

court's order denying Rivera's § 2255 motion.

 We note that even though Rivera is unsuccessful here, this appeal demonstrates again—as another recent appeal has—the importance of drafting plea agreements with care. See *United States v. Ferrara*, 954 F.2d 103 (2d Cir. 1992). The government should make it absolutely clear in a plea agreement that a breach by the defendant releases the government from its obligation to recommend leniency but does not release the defendant from the plea of guilty. As we stated in *Ferrara*, "[c]larity is critical to insure fairness and to protect 'the substantial constitutional interests implicated by plea agreements.'" *Id.* at 106 (quoting *Innes*, 864 F.2d at 979).

The order of the district court is affirmed.