**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michelle L. ASHURST, Defendant–Appellant.**

**No. 96–1106.**

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1996.

Decided Sept. 30, 1996.

Donna Eide, Melanie Conour (argued), Judith A. Stewart, Office of the United States Attorney, Indianapolis, IN, for U.S.

William E. Marsh (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Michelle L. Ashurst.

Before POSNER, Chief Judge, and KANNE and EVANS, Circuit Judges.

KANNE, Circuit Judge.

In March 1993, a couple in Indianapolis hired Michelle L. Ashurst to serve as a live-in nanny for their child. During the next year and a half, Ashurst removed a number of credit card solicitations from the couple's mail. She then fraudulently completed the applications, requesting that credit cards be issued in the names of the couple. On the applications, she listed the relevant address as a personal mailbox that she was renting. Numerous credit card companies issued credit cards based upon the fraudulent applications, and Ashurst used those cards to charge over $22,000. Ashurst's employers learned of the fraud in December 1994, and Ashurst confessed her guilt.

On July 25, 1995, the government filed an information against Ashurst, charging her with one count of credit card fraud exceeding $1,000.00 in any one year period, in violation of 18 U.S.C. § 1029(a)(2). At the same time the information was filed, the parties filed a

written plea agreement under FED. R.CRIM.P. 11(e)(1)(B) in which Ashurst agreed to waive the indictment and plead guilty as charged in the information. The plea agreement provided, in relevant part:

> 4E. Based on her ready acceptance of responsibility and the timeliness of her plea, the defendant shall be entitled to a two (2) level reduction for acceptance of responsibility under U.S.S.G. 3E1.1(b)(1).
>
> . . .
>
> 9. The defendant acknowledges that the government's position in this agreement is based on the information presently available and known to the government.

On August 10, 1995, the district court accepted Ashurst's plea.

At the plea hearing the court directed Ashurst, as a condition of her continued release, to advise her then-current employer, for whom she also worked as a nanny, about the facts and circumstances surrounding her guilty plea. Ashurst failed to do so. Instead, Ashurst left her employer, taking with her three blank checks from that employer's checking account. She later forged her employer's signature on those checks, making them payable to her for a total amount of more than $2,000. Ashurst then disappeared and was not seen again until she was arrested in October 1995. The government agreed to dismiss a complaint charging Ashurst with bank fraud in connection with the check thefts on the condition that Ashurst would remain in custody pending her sentence on the credit card charge.

Prior to sentencing, the government filed a notice stating its intention not to recommend that Ashurst receive a two-point reduction for acceptance of responsibility. Ashurst filed an objection, arguing that if the government failed to recommend the two-point reduction, it would breach the plea agreement. Ashurst requested that the district court order the government to make the recommendation. During the sentencing hearing, the government argued that Ashurst was not entitled to a two-point reduction for acceptance of responsibility, and the district court concurred, sentencing Ashurst to fourteen months of imprisonment. Ashurst appeals, arguing that she must be resentenced be-

cause the government breached its obligation to recommend the reduction.

According to Ashurst, the government committed itself, without qualification, to make the recommendation, and her subsequent criminal conduct, although bearing upon her acceptance of responsibility, did not excuse the government's failure to make the promised recommendation. The government responds that its promise to make the recommendation was qualified by the portion of the plea agreement that provided the agreement was "based on the information presently available and known to the government."

■ Plea agreements are contracts, and in determining the meaning of such contracts, we examine the parties' reasonable expectations—an objective inquiry. *United States v. Osborne,* 931 F.2d 1139, 1162 (7th Cir.1991); *Marx v. United States,* 930 F.2d 1246, 1247–48 (7th Cir.1991), *cert. denied,* 503 U.S. 939, 112 S.Ct. 1480, 117 L.Ed.2d 623 (1992). The question presented in this case is whether it was reasonable for Ashurst to believe that the government would be obligated to recommend an acceptance of responsibility reduction when, after signing the agreement, she again committed substantially the same crime.

The plea agreement does provide that Ashurst "shall be entitled to a two (2) level reduction for acceptance of responsibility," and absent any other qualifying or limiting language, this portion of the agreement would have obligated the government to make the recommendation. However, qualifying language is found later in the agreement where the "defendant acknowledges that the government's position in this agreement is based on the information presently available and known to the government."

In *United States v. Yanez,* we held that similar language qualified the government's obligation to recommend an acceptance of responsibility reduction. 985 F.2d 371, 376 (7th Cir.1993). The plea agreement in *Yanez* provided that it was "based on the information at this time and based on the defendant's conduct at this time." *Id.* Subsequent to signing the plea agreement, the defendant untruthfully minimized his involvement in the charged offense. Based upon

the language in the plea agreement, we held that the government's obligation was qualified and that it was not obligated to make the recommendation because the defendant had later acted in a manner inconsistent with acceptance of responsibility.

The Second Circuit reached the same conclusion in *United States v. Rivera,* 954 F.2d 122 (2d Cir.), *cert. denied,* 503 U.S. 996, 112 S.Ct. 1701, 118 L.Ed.2d 410 (1992). In that case, the court held that the defendant's failure to appear for sentencing excused the government from recommending an acceptance of responsibility reduction, even though the plea agreement did not specifically condition the government's obligation to recommend the reduction on the defendant's appearance for sentencing.[1] According to the court: "By failing to appear for sentencing, Rivera failed to accept responsibility for the offense. Thus, because Rivera failed to live up to his obligation, the government was not required to recommend a sentence reduction. Therefore, the government did not breach the agreement by declining to make such a recommendation." *Id.* at 124 (citation omitted).

The fact that Ashurst committed substantially the same crime after signing the plea agreement is a factor significantly undercutting her claim that she had accepted responsibility for the first crime. *See* U.S.S.G. § 3E1.1, app. note (b). Given the qualifying language of the plea agreement that the government's position was based upon information currently available, it was objectively unreasonable for Ashurst to believe that the government would still be obligated to recommend an acceptance of responsibility reduction even after her subsequent conduct.

Even though Ashurst has not prevailed in this appeal, the appeal itself demonstrates the importance of drafting clear and comprehensive plea agreements.

AFFIRMED.

---

1. The plea agreement in *Rivera* did provide the government with the option to void the plea agreement if, among other things, the defendant failed to appear at sentencing. The government chose not to exercise that option, deciding instead to enforce the agreement but not make the promised acceptance of responsibility recommendation.