**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Felix DELACRUZ, Defendant–Appellant.**

No. 97–2014.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1998.

Decided May 15, 1998.

Lawrence S. Beaumont (argued), Office of the U.S. Attorneys Office, Urbana Division, Urbana, IL, for Plaintiff–Appellee.

Al Alvarez (argued), McAllen, TX, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

This case involves the transportation of marijuana from Texas to Illinois commencing in October 1994. Defendant Felix Delacruz was not involved until January 16, 1995.

On November 2, 1994, Felix Solis, Ignasio Ramirez and Raul Tijerina delivered 60 pounds of marijuana to undercover police officers in Kankakee, Illinois, for $48,000. On November 9 they delivered another 72 pounds of marijuana to the undercover police for $100,000. The sellers were unpaid on each occasion. The undercover police subsequently agreed to pay $100,000 on November 18, 1994, for the two deliveries. When Ramirez and Tijerina arrived for payment, they were arrested, while Solis was a fugitive.

On December 3, 1994, Robert Kilcourse traveled to Kankakee and demanded $106,-000 for the 132 pounds of marijuana, but the undercover agents refused to pay and Kilcourse returned to Texas.

On January 16, 1995, defendant Felix Delacruz contacted one of the undercover agents and demanded the $106,000 allegedly owed Solis. In a series of telephone calls, defendant agreed to "front" another 400 pounds of marijuana if the undercover agents would pay the $106,000. Defendant said he would send Robert Kilcourse to collect the $106,000.

On February 8, 1995, Kilcourse was arrested and agreed to cooperate with the police. He said he had been recruited by defendant to travel through the United States to collect drug money. In the same month he picked up $65,000 in drug money and brought it to defendant, who arranged for him to deliver 700 to 1,000 pounds of marijuana in Illinois on March 16, 1995. Defendant obtained a credit card in Kilcourse's name and used it to finance Kilcourse's trips.

On June 4, 1996, defendant pled guilty to an indictment charging him and Kilcourse with conspiracy to distribute marijuana. The government agreed to recommend a sentence at the lower end of the guideline range. The district court advised defendant he faced a maximum penalty of 20 years' imprisonment. Judge Baker also explained the nature of the charge and the defendant's constitutional rights and asked defendant whether his plea was voluntary. Defendant stated that he understood everything. His counsel said that there was no written plea agreement but that the government was recommending a sentence at the lower end of the guideline range.

Upon inquiry from the court, the lawyers stated they believed the guideline sentence would be 24 to 31 months, but this was wrong because it did not take into account the additional 700 pounds of marijuana delivered in Illinois by Kilcourse or an additional three guideline levels for defendant's managerial role. Although defendant actually faced a guideline range of 70–87 months, the court explained that the 24–31–month guideline range was the lawyers' estimate and that the court would not be bound by any sentence recommendation. The court did not tell defendant that he could not withdraw his plea if the court should not accept the sentencing recommendation. Thereupon defendant was released on bail and told to appear for sentencing on September 19, 1996.

The probation office then completed a presentence report including the 700 pounds of marijuana delivered by Kilcourse as relevant conduct and adding a three-level sentence enhancement in view of defendant's managerial role in a conspiracy involving five or more persons. Therefore Delacruz faced a guideline sentencing level of 29, yielding a range of 70 to 87 months. When he received the presentence report, defendant fled to Mexico.

When defendant had been in custody he met Guadalupe Presas, who was in jail for a drug crime. When Presas was released on probation he kept in touch with defendant. From Mexico defendant called Presas and discussed sending 500 pounds of marijuana to Arkansas. In the meantime, Presas had become an informant. In several subsequent recorded telephone calls from Presas to defendant in Mexico, Delacruz agreed to ship a large load of marijuana to the Danville, Illinois area. He told Presas they were sending a load of marijuana to Chicago but that he could divert it to Danville and could thereafter make a shipment of marijuana to Danville every 15 days. He agreed to ship 1,000

pounds of marijuana to Presas in Danville for $350,000.

On October 20, 1996, Presas called defendant, who told Presas that he should meet certain individuals at a Danville hotel and bring the $350,000 and obtain the marijuana. However, the negotiations terminated because Presas did not have the necessary money. When defendant was lured back from Mexico he was again jailed and told the police informant that he could provide him with 100 pounds of marijuana for $800 per pound while he was awaiting sentence and release a few months thereafter. Defendant told the informant that he would deliver the marijuana to Chicago or Peoria.

On March 9, 1995, defendant was indicted for conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. In February 1997 Delacruz was indicted for violating 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(ii) by not appearing for sentencing. He pled guilty to both charges.

At the sentencing hearing, defendant objected to adding the 700 pounds of marijuana delivered by Kilcourse in Illinois pursuant to defendant's instructions, but the court overruled the objection. He also objected to his sentence being enhanced due to his role as a manager or leader in a conspiracy of five or more persons. That objection was rejected because the court considered the evidence to be clear and persuasive that defendant was a manager or supervisor in a conspiracy involving five or more participants. The court noted that defendant exerted significant control over Kilcourse. Defendant's request for an acceptance of responsibility reduction was denied because he had become a fugitive.

The district judge ruled that defendant had breached the original plea agreement providing for a 20–month sentence and therefore denied defendant's motion to require the government to abide by the original plea agreement. The defendant was sentenced to 120 months' imprisonment for conspiracy and another 15 months' imprisonment for his failure to appear.

## Failure to comply with Rule 11 of Federal Rules of Criminal Procedure

■ In accepting defendant's guilty plea, the district court neglected to inform him that his plea could not be withdrawn if the district court did not accept the government's sentence recommendation. Rule 11(e)(2). However, the government never agreed to recommend a specific term of imprisonment but merely to recommend the lowest applicable guideline sentence. As the court noted, defendant's and government counsel incorrectly estimated that the defendant would face a sentence of 24–31 months, but defendant was informed by the court that these were mere estimates rather than an agreement by the government to recommend a sentence of 24 months. In addition, the district judge did discuss whether the guilty plea was coerced, whether defendant understood the nature of the charges, and whether the defendant understood the consequences of the plea. After the district court discussed the conspiracy charge and the possible 20–year imprisonment term, defendant stated he understood those matters, and the court explained that it was not bound by any sentencing recommendation from the government. Consequently reversal is not required. *United States v. Mitchell*, 58 F.3d 1221, 1225 (7th Cir.1995).

While it is true that the district court did not inform Delacruz that if it did not accept the sentence recommendation of the government, he would not be allowed to withdraw his guilty plea, nothing shows that if so informed, defendant would not have pled guilty. As in *United States v. Vaughn*, 7 F.3d 1533, 1536 (10th Cir.1993), *certiorari denied*, 511 U.S. 1036, 114 S.Ct. 1553, 128 L.Ed.2d 201, defendant does not claim that he would not have entered a guilty plea if he had received the proper warning. Thus any error on the court's part was harmless. In addition, the court explained that it was not bound by any governmental sentencing recommendation. Consequently defendant understood that he could be sentenced differently from the plea agreement. When he realized he might not receive a 24–month sentence, he fled to Mexico.

## Since defendant breached the plea agreement, the government was not obligated to recommend the 24–month sentence

■ The defendant asserts that under the terms of the plea agreement, the government

was obligated to recommend a 24–month sentence. However, the government did not breach the plea agreement; rather Delacruz did so by not appearing for sentencing and continuing his criminal activity. While defendant was a fugitive in Mexico, he still conspired to distribute marijuana in Illinois. As in *United States v. Ashurst*, 96 F.3d 1055 (7th Cir.1996), it was unreasonable for this defendant to believe that the government would be obligated to recommend an acceptance of responsibility reduction when he again committed the same crime. As in *United States v. Rivera*, 954 F.2d 122, 123 (2d Cir.1992), *certiorari denied*, 503 U.S. 996, 112 S.Ct. 1701, 118 L.Ed.2d 410, the government was not still obligated to recommend the lower range of the sentencing guidelines since defendant failed to appear for sentencing and continued to commit drug offenses. Delacruz could not reasonably expect the government to recommend the lower range of the sentencing guidelines when he fled to Mexico and was committing the same crime there.

Since defendant failed to appear for sentencing and continued his criminal conduct, the government was no longer obligated to recommend a sentence of 24 months at his sentencing hearing.

**Three-level enhancement was properly based on defendant's managerial role in a conspiracy of five or more persons**

■ Defendant claims he had no contract with his co-conspirators and did not exert any managerial role, so that the district court improperly enhanced his sentence. As the presentence report showed, defendant had four co-conspirators in delivering marijuana to Kankakee, Illinois: Eduardo Leal, Felix Solis, Ignasio Ramirez, and Raul Tijerina. Solis became manager of the group, but when he became a fugitive Robert Kilcourse traveled to Kankakee to obtain payment for the marijuana that had been delivered to the undercover agents. Delacruz told the police agents that he had taken over for Solis and that he would send Kilcourse to pick up the money for the marijuana that had been delivered to the undercover agents. Therefore the conspiracy involved five or more persons, with at least Kilcourse being managed by

defendant. Since defendant did not challenge these allegations contained in the presentence report, the district court did not commit error in applying a three–level enhancement.

Judgment and sentence affirmed.