18-982-cr
United States v. Peralta

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          GERARD E. LYNCH,
                         **Circuit Judges**,
          JANET C. HALL,\*
                         **District Judge**.

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          **Appellee**,

          **-v.-**                                            18-982

RUDDY PERALTA,
          **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - -X

---

\* Judge Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLANT:                    THOMAS EDDY, (SUSAN V. TIPOGRAPH <u>on the</u> <u>brief</u>), Law Office of Susan Tipograph, New York, NY.

FOR APPELLEE:                     MATTHEW LAROCHE, (KARL METZNER <u>on the</u> <u>brief</u>), for GEOFFREY S. BERMAN, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Ruddy Peralta appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>), sentencing him, in principal part, to 78 months' imprisonment on one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.   Peralta claims the district court abused its discretion by refusing to grant an acceptance-of-responsibility reduction under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a).   We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

We review sentencing challenges for reasonableness--"a particularly deferential form of abuse-of-discretion review."   <u>United States v. Cavera</u>, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (in banc).   Miscalculation of the applicable Guidelines range is a procedural error.   <u>United States v. Chu</u>, 714 F.3d 742, 746 (2d Cir. 2013).   We review the district court's findings of fact for clear error and its interpretation of the Sentencing Guidelines de novo.   <u>United States v. Conca</u>, 635 F.3d 55, 62 (2d Cir. 2011).

The Sentencing Guidelines provide for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."

U.S.S.G. § 3E1.1(a).   "Entry of a plea of guilty is 'significant evidence of acceptance of responsibility' but does not automatically entitle the defendant to such an adjustment."   United States v. Delacruz, 862 F.3d 163, 177 (2d Cir. 2017) (quoting U.S.S.G. § 3E1.1 cmt. n.3).   Conduct that is inconsistent with acceptance of responsibility can outweigh a guilty plea.   United States v. Ortiz, 218 F.3d 107, 108 (2d Cir. 2000) (per curiam).   Whether a defendant has demonstrated acceptance of responsibility is "'a factual question' on which we defer to the district court unless its refusal to accord such consideration is 'without foundation.'"   United States v. Broxmeyer, 699 F.3d 265, 284 (2d Cir. 2012) (quoting United States v. Taylor, 475 F.3d 65, 68 (2d Cir. 2007)).

Peralta's willful failure to appear for his court-ordered conference to address his failed drug tests while on pretrial release and to continue the hearing on his proposed change of plea to guilty formed a sufficient foundation for the district court's determination that Peralta did not accept responsibility for his offense.   See United States v. Loeb, 45 F.3d 719, 722 (2d Cir. 1995) ("[I]ntentional flight from a judicial proceeding is grounds . . . for a sentencing court to deny an adjustment for acceptance of responsibility . . . ."); see also United States v. Rivera, 954 F.2d 122, 124 (2d Cir. 1992) ("By failing to appear for sentencing, [the defendant] failed to accept his responsibility for the offense.").

Peralta emphasizes that his absconding offense predated the acceptance of responsibility he demonstrated by entering a guilty plea.   However, Peralta received an obstruction-of-justice enhancement for absconding; and the Sentencing Guidelines Commentary provides that only "extraordinary cases" merit adjustments for both acceptance of responsibility (reduction) and obstruction of justice (enhancement).   U.S.S.G. § 3E1.1 cmt. n.4.   We have never held that engaging in conduct that indicates acceptance of responsibility after having obstructed justice entitles a defendant, as a matter of right, to receive a reduction under Section 3E1.1.   See United States v. Champion, 234 F.3d 106, 111 (2d Cir. 2000) (affirming the district court's refusal to apply an acceptance-of-responsibility reduction where the defendant made false statements to police, submitted a perjurious affidavit, and suborned perjury, but subsequently confessed his guilt and cooperated with the government).

3

The district court's speculation concerning Peralta's reasons for his eventual surrender and guilty plea does not make the Guidelines calculation unreasonable. We defer to the district court's determination that Peralta failed to demonstrate acceptance of responsibility. See U.S.S.G. § 3E1.1 cmt. n.5 ("[T]he determination of the sentencing judge is entitled to great deference on review."). Peralta's failure to appear in court, albeit before he pleaded guilty, is a ground to deny an acceptance-of-responsibility adjustment irrespective of the reasons for his subsequent surrender and guilty plea. Cf. United States v. Aponte, 31 F.3d 86, 88 (2d Cir. 1994) ("It is sufficient for [imposing an obstruction-of-justice enhancement] that the defendant intended to fail to appear at a judicial proceeding, regardless of his reason for desiring to flee.").

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4