# IN THE SUPREME COURT OF IOWA

No. 19–1442

Submitted April 14, 2021—Filed May 14, 2021

**STATE OF IOWA,**

    Appellee,

vs.

**TRAVIS JAMES JORDAN,**

    Appellant.

---

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Judge.


The defendant challenges the sentence imposed following convictions on pleas of guilty, alleging the prosecutor breached the plea agreement by failing to remain silent regarding a sentencing recommendation. **AFFIRMED.**


Christensen, C.J., delivered the opinion of the court, in which all justices joined.


Jesse A. Macro Jr. of Macro & Kozlowski, L.L.P., West Des Moines, for appellant.

Thomas J. Miller, Attorney, Thomas J. Ogden, Assistant Attorney General, Darren D. Driscoll, County Attorney, and Brad M. McIntyre, Assistant County Attorney, for appellee.

**CHRISTENSEN, Chief Justice.**

The plea agreement here provided the defendant would plead guilty to his pending charge of third-degree burglary, be released with supervision until sentencing, and be free to argue for probation at sentencing. Additionally, as part of the defendant's supervised release agreement that he signed after entering his plea, he agreed to attend all court hearings. In exchange, the State agreed to dismiss the other pending charge against the defendant and remain silent at sentencing. However, the defendant absconded after the plea hearing and failed to appear for the sentencing hearing. Following his arrest nearly seven months later, he appeared for sentencing, where the State advocated for a prison sentence, which the district court then imposed.

The defendant appealed, arguing the prosecutor breached the parties' plea agreement by failing to remain silent at sentencing and his trial counsel was ineffective in failing to object to this breach. The court of appeals dismissed the appeal, concluding it lacked subject matter jurisdiction under Iowa Code section 814.7 (2020), which requires ineffective-assistance claims to be brought in postconviction proceedings rather than by direct appeal. After the court of appeals issued its decision, we issued our opinion in *State v. Boldon*, 954 N.W.2d 62 (Iowa 2021), in which we held Iowa Code section 814.7 did not preclude our review of an alleged prosecutorial breach of a plea agreement. *Id.* at 71. On further review, we hold we have subject matter jurisdiction and authority to consider the defendant's appeal and affirm the defendant's sentence because the defendant forfeited any rights to enforce the plea agreement when he breached it by absconding and failing to appear at the originally-scheduled sentencing.

## I. Background Facts and Proceedings.

On September 24, 2018, Fort Dodge Police Officer Jacob Naatz was on patrol in Fort Dodge when he observed Travis Jordan walking down an alley, seemingly going from garage to garage in the area. Officer Naatz continued to patrol the alleys and observed Jordan walk out of a garage with a backpack, leading Officer Naatz to stop Jordan and ask Jordan why he was in the garage. Jordan claimed he was in the garage because he thought it was his friend's and he went in to go to the bathroom. The record is unclear how Officer Naatz discovered the materials in Jordan's backpack, but the record shows Jordan's backpack contained binoculars, gloves, wrenches, a knife, and a flashlight along with Jordan's wallet. Officer Naatz then went into the garage and located a second flashlight on the ground where Jordan had been standing when Officer Naatz first made contact with him. This awoke the homeowner, who came out to talk with Officer Naatz and informed him that the flashlight was his and had been inside his vehicle parked in the garage. The homeowner told Officer Naatz that Jordan had no right to be in the garage.

Jordan was subsequently arrested and charged with burglary in the third degree, a class "D" felony, in violation of Iowa Code sections 713.1 and 713.6A(1) (2018), and possession of burglary tools, an aggravated misdemeanor, in violation of Iowa Code section 713.7. Jordan and the State entered into a plea agreement, which was placed on the record during the plea hearing on October 22. As Jordan's counsel explained at the hearing,

> Mr. Jordan is going to enter a guilty plea to Count I for burglary in the third degree. The State is agreeing to dismiss Count II. The parties are agreeing to release Mr. Jordan [with supervision by the Second Judicial District Department of Correctional Services] after the hearing today.

The recommendation of the county attorney -- the county attorney's going to agree to remain silent at sentencing, and the defendant is free to argue for probation. And that's essentially the plea agreement.

The assistant county attorney confirmed "[t]hat is the plea agreement reached between the parties," and Jordan also confirmed that was his understanding of the plea agreement. In accepting Jordan's plea, the district court specifically advised Jordan "to contact the Department of Correctional Services within 48 hours [of the hearing] and sign a contract of expectations of release agreement." As part of this agreement Jordan signed after the plea hearing, he agreed to "appear in Court when required."

The district court set Jordan's sentencing for November 26, but Jordan failed to appear and a warrant was issued for his arrest. Jordan was arrested on June 2, 2019, and his sentencing occurred on August 19. Jordan did not have the same counsel or district court judge at sentencing as he did during his plea hearing. The court began the hearing by explaining that "Mr. Jordan entered a plea of guilty to burglary in the third degree." Instead of remaining silent, the assistant county attorney advocated for a five-year term of imprisonment, stating,

> I have no witnesses or evidence, just a recommendation, and that recommendation matches that of the PSI that was filed in this case. The defendant has a long criminal history that includes burglary and theft cases much like the one that is before the Court today and also includes violent charges. He has been previously incarcerated four times in the State of Iowa. And in this case, he was set for sentencing in November of 2018, and as the addendum to the presentence investigation report states, he failed to appear at that time and his whereabouts were unknown from November until June 3rd of 2019, when he was arrested. So for seven months he absconded. He also has other absconsions on his record from the past. Given his criminal history, the unknown whereabouts for seven months pending sentencing after his plea in this matter, the State believes that for protection of the community from future offenses and for rehabilitation of the defendant, that imposition of the five-year -- the term not to

exceed five years is appropriate. With that, due to the incarceration, the State would ask that the fine and surcharge be suspended. There is a $125 Law Enforcement Initiative surcharge that would be imposed. I believe that's the recommendation of the State.

Jordan's counsel sought a suspended sentence and probation without objecting that the State breached the plea agreement by failing to remain silent. The district court decided to "go along with the recommendation of the PSI and the recommendation of the State," ordering Jordan to "be placed with the Iowa Department of Corrections for an indeterminate term not to exceed five years."

Jordan filed a timely appeal, arguing his counsel was ineffective in failing to object to the prosecutor's breach of the plea agreement. We transferred the case to the court of appeals, which concluded it must dismiss the appeal for lack of subject matter jurisdiction under Iowa Code section 814.7 because Jordan only raised ineffective-assistance claims. Jordan filed an application for further review, and we granted that application.

**II.  Standard of Review.**

A defendant's allegation of prosecutorial breach "is a species of sentencing error." *Boldon*, 954 N.W.2d at 70. Thus, we review it for the correction of errors at law. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

**III.  Jurisdiction.**

The State contends we lack jurisdiction to consider Jordan's appeal under Iowa Code section 814.6(1)(*a*)(3), which establishes there is no right of appeal from a guilty plea unless the defendant establishes "good cause." Iowa Code § 814.6(1)(*a*)(3). After the parties submitted their briefs in this

case, we decided *Damme,* in which we held the good cause requirement is satisfied "when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105. Because Jordan's challenge is to his sentence instead of his guilty plea, he has good cause to appeal and section 814.6(1)(*a*)(3) does not deprive us of subject matter jurisdiction. *See id.*

The State also argues we lack subject matter jurisdiction to address Jordan's claim of ineffective assistance of counsel on direct appeal under Iowa Code section 814.7 (2020), which requires ineffective-assistance claims to be brought in postconviction proceedings rather than by direct appeal. *See* Iowa Code section 814.7. We disagree. Section 814.7 does not limit jurisdiction; it limits the authority of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal. *See Boldon,* 954 N.W.2d at 69 (characterizing the statute as regulating the court's authority); *State v. Emery,* 636 N.W.2d 116, 119 (Iowa 2001) ("[S]ubject matter jurisdiction should not be confused with authority." (quoting *State v. Yodprasit,* 564 N.W.2d 383, 385 (Iowa 1997))).

Here, we have jurisdiction, and we have the authority to resolve the sentencing issue on direct appeal. After the parties submitted their briefs and the court of appeals issued its decision dismissing this appeal for lack of jurisdiction, we issued our opinion in *Boldon.* There, we held Iowa Code section 814.7 did not preclude our review of an alleged prosecutorial breach of a plea agreement because the alleged breach was a claim of sentencing error that could be reviewed directly without being cast as an ineffective-assistance claim. *Boldon,* 954 N.W.2d at 71. As we explained, "[a] prosecutor's breach of the plea agreement at sentencing irreparably taints the sentencing proceeding and a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection." *Id.*

Consequently, Iowa Code section 814.7 is inapplicable here and does not preclude our review of Jordan's claim of breach.

### IV. Analysis.

Jordan maintains the prosecutor breached the parties' plea agreement when the prosecutor recommended a five-year term of imprisonment instead of remaining silent as agreed upon on the record as part of the plea agreement reached nearly ten months earlier. Jordan seeks specific performance of the plea agreement and does not contend he should have been able to withdraw his plea due to the alleged breach. The State argues it was relieved of its obligation to remain silent at sentencing when Jordan breached the agreement by absconding and failing to appear at his originally-scheduled sentencing hearing in November 2018. We agree with the State.

The terms of a plea agreement must be mutual for the agreement to be binding, and "[t]he State has no obligation to make available the anticipated benefits of a plea agreement when the defendant fails to perform his or her end of the bargain." *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014). In construing a plea agreement, we look to the parties' "justified expectations." *Boldon*, 954 N.W.2d at 71; *see also United States v. Rivera*, 954 F.2d 122, 124 (2d Cir. 1992) ("We look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'" (quoting *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982) (per curiam))). Implicit in the plea deal was the expectation Jordan would show up for the sentencing hearing. *See United States v. Munoz*, 718 F.3d 726, 729–30 (7th Cir. 2013) ("When Munoz fled the country and spent nearly five years as a fugitive in Mexico, he breached what we believe was an implied but obvious term of the plea agreement that he remain in the country and show up for sentencing."); *Rivera*, 954 F.2d at 124 ("[T]he

reasonable meaning of the plea agreement is that Rivera's failure to appear for sentencing . . . would release the government from its obligations to recommend a sentence reduction.").

As part of the parties' agreement to release Jordan with supervision following his plea hearing, Jordan agreed in his supervised release contract of expectations to "appear in Court when required." Jordan clearly did not fulfill his end of the bargain, as he failed to appear at his November 2018 sentencing date and absconded for seven months with no information on his whereabouts until he was arrested on June 3, 2019. Consequently, the State had no obligation to abide by the plea agreement and therefore did not breach the plea agreement because Jordan forfeited any rights to enforce the plea agreement by breaching it first. *See, e.g.*, *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000) ("a defendant who breaches a plea agreement forfeits any right to its enforcement"); *Rivera*, 954 F.2d at 124 ("[B]ecause [the defendant] failed to live up to his obligation [under the plea agreement], the government was not required to recommend a sentence reduction. Therefore, the government did not breach the agreement by declining to make such a recommendation."); *United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir. 1981) ("It is clear that a defendant's failure to fulfill the terms of a pretrial agreement relieves the Government of its reciprocal obligations under the agreement."); *cf. Munoz*, 718 F.3d at 730 ("No defendant could reasonably expect that he could abscond for five years and still hold the government to its promises under the plea agreement.").

Although we conclude the State did not breach the plea agreement in this case, we do so with a cautionary admonition. Nowhere in the record is there any acknowledgment by the sentencing court that the parties agreed Jordan had breached the plea agreement, let alone that Jordan's

breach of the agreement automatically relieved the State of its agreement obligations. Nevertheless, there is no factual dispute that a bench warrant was issued because Jordan absconded and failed to appear at his first sentencing in violation of his release contract, and the sentencing court discussed Jordan's absconding and failure to appear at his first sentencing in issuing Jordan's sentence. Thus, the record in this case is adequate to determine the issue of breach as a matter of law without an evidentiary hearing. *See United States v. Calabrese*, 645 F.2d at 1390 ("The question of a defendant's breach is not an issue to be finally determined unilaterally by the government. If the pleadings reveal a factual dispute on the issue of breach, the district court must hold a hearing to resolve the factual issues. If the pleadings reveal no disputed factual issues, no hearing is necessary and the court may determine the issue of breach as a matter of law." (citation omitted)); *see also United States v. Novosel*, No. 03–4190, 2004 WL 1406319, at *4 (10th Cir. June 24, 2004) (concluding the sentencing court's statements about the defendant not being entitled to a sentencing adjustment based on his failure to appear at sentencing and absconding were adequate to indicate a judicial determination of breach and a release of the government from its plea agreement obligations). But that will not always be the case. Attorneys and sentencing courts should strive to ensure any issues involving a breach of a plea agreement are discussed on the record at the sentencing hearing to avoid the potential need for remand and resentencing following an appeal.

## V. Conclusion.

For the aforementioned reasons, we affirm Jordan's sentence.

**AFFIRMED.**