# IN THE COURT OF APPEALS OF IOWA

No. 20-1048
Filed August 4, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SARAH ELIZABETH GRUEL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Monica L. Wittig, Judge.


        Sarah Gruel appeals the sentence imposed following her guilty plea to attempted first-degree burglary.  **AFFIRMED.**


        Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


        Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Sarah Gruel appeals the sentence imposed following her guilty plea to attempted first-degree burglary. Gruel argues the sentencing court abused its discretion by failing to adequately consider relevant sentencing factors. Gruel also argues the prosecutor breached the plea agreement. We find the sentencing court did not abuse its discretion. We conclude the prosecutor did not breach the plea agreement. Accordingly, we affirm.

I.     **Facts & Prior Proceedings**

The State alleged Gruel was involved in an altercation on September 25, 2018, and charged her with burglary in the first degree.[1] On December 26, 2019, Gruel and the State reached a global plea agreement that encompassed the present case as well as two companion misdemeanor cases.[2] Gruel agreed to plead guilty to a lesser-included offense of attempted first-degree burglary in the present case[3] and agreed to plead guilty to assault with injury in an accompanying misdemeanor case.[4] In exchange, the State agreed to dismiss the remaining simple assault case.

The plea agreement also encompassed the sentencing recommendations of the parties. The State agreed to recommend Gruel receive a deferred judgment on the attempted burglary charge and be placed on probation for two to five years.

---

[1] Burglary in the first degree under Iowa Code section 713.3 (2018) is a class "B" felony.
[2] In the two related misdemeanor cases, Gruel faced charges for assault with injury and simple assault.
[3] Attempted first-degree burglary under Iowa Code section 713.4 is a class "C" non-forcible felony.
[4] Assault with injury under section 708.2(2) is a serious misdemeanor.

On the assault with injury offense, as part of the plea agreement, the State's position was that Gruel receive a sixty-day jail sentence, with the jail term to be imposed, not suspended. Gruel would request a deferred judgment on both offenses. Finally, the agreement noted that the recommendations of the parties were non-binding on the sentencing court.

The sentencing hearing was held on June 29, 2020. At hearing, the court noted that it had received a pre-sentence investigation report (PSI). The court read the PSI's recommendation into the record, which stated that Gruel "be granted a deferred judgment as she has not received one in the State of Iowa before this. One will be the recommendation based on her age and minimal criminal record."

At the sentencing hearing, the State began its recommendation by noting,

> [T]he PSI in this case does not make any recommendation for the assault with injury charge, and the parties do agree that the defendant can receive a deferred judgment so that she can keep a felony off of her record and continue with the progress that she's made, but is seeking a 60-day jail sentence for her assault with injury charge.

The State went on to explain the reasons for its recommendation, stating:

> First of all, I would draw your attention to the victim impact statement in this case, which actually indicated that the victim, . . . wanted consequences for his attackers because he couldn't forget this incident. The video that the State submitted as State's Exhibit 1 shows what happened that day, and it shows that [Gruel] and her boyfriend and brother and sister came over to Iowa from another state, apparently mad about some things that were being posted online, broke into the victim's home, grabbed him, drug him out to the yard, and then as a group beat him up. [Gruel]'s version of the events that she said to the PSI preparer does not depict her role. She tried to portray herself as being the victim and takes no responsibility for her actions whatsoever. She characterized it as protecting her sister, but when you're protecting your sister from verbal threats, that does not require you and a group of other people to drive to another state to commit a burglary. In this case, [the victim], was drug out of his home, and [Gruel] in this case, her

participation in the assault on [the victim] results in grabbing [the victim] by his hair, throwing him to the ground, and on more than one occasion participating in beating him up along with the others in the group. She grabbed his hair both while he was on the ground and then also while he's standing up, and so she was definitely actively involved in this assault on [the victim]. And then as [the victim] gets back up and goes in, she also follows him into the house, and in the deposition, [the victim] testified that she attacked him in the house as well. She is here being given a very generous offer on the burglary charge by getting the opportunity for a deferred judgment, but it would be between the parties to task whether or not she was required to do any jail time for the assault with injury charge, and it is the State's recommendation that she serve a sixty-day jail sentence on it. The State does not have any problem whatsoever with serving that jail time out of state if she can make arrangements for the waiving of mittimus, because I understand that she is pregnant at the time, but with the vicious attack on the victim in this case, it is not something that deserves a totally suspended sentence. She should be punished for her role in this, and that's why the State is asking for a sixty-day jail sentence on the assault with injury charge. Thank you.

The court then sought to clarify the State's recommendation, asking, "Do you indicate that it's acceptable to enter a deferred, and then require the 60-day jail sentence? Is that what you're asking?"

The State responded,

I'm asking for the—there's two different charges, Your Honor. The State, as part of our negotiations for all of these cases, agreed to a deferred judgment for the burglary charges, but with the understanding that [Gruel] would be—the State would be seeking a jail sentence for a separate assault with injury charge for the assault in the yard that took place. The PSI in this case recommends the deferred judgment, but it only deals with the felony, and does not make any recommendation for the [misdemeanor assault] case that's before the Court today. So it's the [misdemeanor assault case] number stems from the same incident, and it's on that number that the State is seeking a sixty-day jail sentence.

Gruel requested a deferred judgment in both cases.

The sentencing court rejected both recommendations, denying Gruel any deferred judgment and imposing sentences on both offenses. The sentencing court explained its reasoning on the record as follows:

Ms. Gruel, the State did provide me with a copy of the video, so I did have an opportunity to look at that, and it was very disturbing. And I think that one of the things that your attorney said, I realize that, you know, it's from his mouth, but I disagree with immensely. I think that you didn't act out of impulse. You had an opportunity to sit in that car driving over here to think about what it was that you were going to do. Now, granted, having [the victim] make the suggestion to your sister that she kill herself is horrific, but legally, you should have reported that information, and let the police handle that. This is not a state of vigilanteism, and you can't take that issue in your own hands. Not only did you not only—or, excuse me, not only was it just you, there were four others with you, and talk about overkill. Pulling that man from his house, throwing him down on the ground. He could have hit his head on the cement. Luckily, he was thrown into the grass. And then watching you do what you did, it was appalling.

So I understand the State's request for the sixty days in jail, but I don't agree with a deferred judgment. So that's the option that I am electing to implement here. You will get sentences for both of these matters. They will be suspended. You will not get the deferred judgment. You'll have to fill out the paperwork for the Interstate Compact so that you can have your supervision transferred. So on the misdemeanor, you'll have a one-year probationary period. On the felony, it will be five years. In the event that you were ever to have to serve these sentences for a violation of your probation conditions, they will be served concurrently. You'll be required to continue with your mental health treatment.

On June 30, 2020, the court issued a written judgment and sentencing order. Under the section "Reasons for Sentence," it stated,

The Court determines that the above sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, Defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI, if any.

Additionally, under the "Additional Orders" section, the order states, "[Gruel] shall continue with mental health treatment and counseling."

## II.    Discussion

### A.    Abuse of Discretion — Sentencing

Gruel entered a guilty plea and was convicted of attempted burglary. She does not contest the plea itself but maintains an improper sentence was imposed.[5] Gruel argues the sentencing court abused its discretion by failing to adequately consider relevant sentencing factors and by improperly relying on evidence outside the record.

Review of a sentence imposed is for correction of errors at law. Iowa R. App. P. 6.907. The decisions of the sentencing court are "cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Sentencing court decisions within the statutory limit are reviewed for an abuse of discretion. *State v. Avalos Valdez*, 934 N.W.2d 585, 588 (Iowa 2019). A sentencing court abuses its discretion only when it "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* "A district court's 'ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law.'" *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (quoting *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014)).

---

[5] In the 2019 legislative session, the general assembly amended Iowa Code section 814.6(1) (2019). The amendment denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class "A" felony or in a case where a defendant establishes "good cause." 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (2020). Gruel appeals from a discretionary sentence outside the recommendations of the parties as negotiated as a part of a plea agreement. We find Gruel has established "good cause" for her appeal. *See State v. Damme*, 944 N.W.2d, 98, 105 (Iowa 2020) (finding "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea").

Iowa Code section 907.5(1) requires that when imposing a sentence, a sentencing court must consider the defendant's age, prior record of convictions, employment circumstances, family circumstances, mental health and substance abuse history, the nature of the offense, and other factors as are appropriate. The sentencing court is not permitted to base a sentence on a single factor but must consider them all. *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). In considering the nature of the offense, the court should consider "the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). The court is to impose a sentence which "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5(1). After consideration of the relevant and necessary factors, the court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim P. 2.23(3)(d).

First, Gruel argues the sentencing court failed to consider the necessary factors when imposing sentence and relied solely on the nature of the offense. We disagree. We find the sentencing court's reasoning sufficient to demonstrate its exercise of discretion and such does not prevent our review. The court's sentencing explanation must comport with the purpose of rule 2.23 and "afford[ ] our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). This purpose may be met with even a "terse and succinct" statement "when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). A sentencing court is

generally "not required to give its reasons for rejecting particular sentencing options." *Thomas*, 547 N.W.2d at 225 (citations omitted).

Through the court's on-the-record reasoning at the sentencing hearing, it is apparent the court was aware of the mitigating factors relevant to Gruel and the recommendations of the State and PSI. The court acknowledged that it had received the PSI, which included relevant information about Gruel's history and circumstances. The court read the recommendation of the PSI into the record and noted that the PSI included a victim impact statement in which the victim requested Gruel be sentenced to prison. Additionally, the court considered Gruel's explanation for her actions and explained why the court found them unpersuasive. In imposing sentence, the court noted the plea agreement was non-binding and found that granting a deferred judgment would be inadequate. The court suspended Gruel's sentences and ordered her to continue with mental health treatment and counseling. We find no abuse of discretion in the sentencing court's explanation and consideration of relevant factors at sentencing.

Second, Gruel takes issue with the sentencing court's reliance on a video of the incident underlying the case. Gruel contends that "nowhere in the record does the State actually offer this video into evidence, nor does the Court actually accept this video into evidence."

On January 27, 2020, the district court accepted Gruel's guilty plea. On January 29, the State filed a notice, which indicated that it intended to submit a

video of the incident as a separate sentencing exhibit.[6]  The sentencing hearing transcript reveals the State noted to the court that it had "submitted as State's Exhibit 1" and the sentencing court acknowledged having reviewed it.

We find this issue to be unpreserved. When the court indicated at hearing that the video had been received and reviewed by the court, no objection to the court's consideration of the same was made. Gruel raises the issue for the first time on appeal.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  We find this alleged error unpreserved.  Accordingly, we find no abuse of discretion in the sentence imposed by the district court.

## B.      Breach of Plea Agreement

Gruel argues the State breached the plea agreement by failing to fulfill its obligation to recommend a deferred judgment affirmatively and clearly. Specifically, Gruel contends the prosecutor's statements that Gruel was "being given a very generous offer on the burglary charge by getting the opportunity for a deferred judgment" expressed a material reservation about the State's recommendation and violated the spirit of the plea agreement.

---

[6] The video submitted for consideration at the sentencing hearing was originally omitted from the record. The State filed a motion to correct the record with the district court on February 2, 2021, to include the video in the appellate record, which the court granted.

Gruel did not object to the prosecutor's statements at sentencing. As Gruel did not raise the issue of the prosecutor's statements, were the typical error preservation rules to be applied, it may preclude our review. *See Senecaut*, 641 N.W.2d at 537. In her brief, Gruel acknowledges the potential error preservation issues of her claim.[7] Gruel urges that if her claim of prosecutorial misconduct is not reviewable, her counsel was ineffective for failing to object to the alleged breach, and section 814.7 is unconstitutional as a violation of due process.

In *State v. Boldon*, the Iowa Supreme Court held that Iowa Code section 814.7 does not preclude review of a claim for an alleged prosecutorial breach of a plea agreement because "an allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error" and may be reviewed on direct appeal without being cast as an ineffective-assistance claim. 954 N.W.2d 62, 69–70 (Iowa 2021); *see State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (explaining an alleged prosecutorial breach of a plea agreement at the time of sentencing challenges a defendant's sentence, not her guilty plea; therefore, establishing "good cause" and such claims are reviewable on direct appeal without needing to be brought through an ineffective-assistance claim in postconviction proceedings); *see also Damme*, 944 N.W.2d at 105 ("good cause

---

[7] The 2019 amendments to Iowa Code section 814.7 and 814.6 limit a defendant's right to a direct appeal following a guilty plea and reserve claims of ineffective counsel for postconviction proceedings. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (2020)) (removing a defendant's right to a direct appeal following a guilty plea); 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7) (eliminating direct-appeal ineffective-assistance-of-counsel claims).

exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

Additionally, the court explained "the traditional rules of error preservation are inapplicable" to such claims as "[a] prosecutor's breach of the plea agreement at sentencing irreparably taints the sentencing proceeding and a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection." *Boldon*, 954 N.W.2d at 70–71. Therefore, we review Gruel's claim directly.

The parties dispute the proper standard of review. Gruel argues that because plea agreements involve "matters of constitutional significance," review is de novo. In *Boldon*, the defendant made an analogous claim to Gruel, and as previously explained, our supreme court found the alleged prosecutorial breach was "a species of sentencing error." 954 N.W.2d at 70. Therefore, our review is for correction of errors at law. *See Jordon*, 959 N.W.2d at 399. "We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure." *Damme*, 944 N.W.2d at 103 (quotation omitted). "A prosecutor's failure to abide by the terms of a plea agreement taints the sentencing proceeding." *Boldon*, 954 N.W.2d at 70. "The taint is inherently prejudicial and requires the appellate court to vacate the sentence and remand the case for a new sentencing hearing in front of a different judge." *Id.* at 71.

The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor "acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). In construing a plea agreement, we

look to the parties' "justified expectations." *Boldon*, 954 N.W.2d at 71; *see also United States v. Rivera*, 954 F.2d 122, 124 (2d Cir. 1992) ("We look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." (quotation omitted)).

We find Gruel has failed to establish the prosecutor acted contrary to the common purpose of the plea agreement or deprived her of the benefit of the bargain. *See Boldon*, 954 N.W.2d at 71 (citing *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015)). Gruel bargained for a contested sentencing hearing. Under the plea agreement, the State would recommend a deferred judgment on the attempted burglary case but argue for jail time on the related misdemeanor case. The agreement indicated that Gruel would join in the recommendation for the attempted burglary charge but request a deferred judgment on the misdemeanor. The State complied with the terms of the plea agreement and fulfilled its obligation to make the agreed-upon recommendation to the sentencing court. *See State v. Bease*, 748 N.W.2d 211, 215–16 (Iowa 2008) (discussing what is required of the State to fulfill the obligation of a sentencing recommendation).

Gruel acknowledges that sentencing on the misdemeanor case was contested and the prosecutor did, in fact, recommend a deferred judgment on the attempted burglary charge. However, Gruel contends the prosecutor's statement that Gruel was "being given a very generous offer" equates to a material reservation about the State's recommendation. Further, Gruel argues by recommending imposition of sentence on the misdemeanor case, the prosecutor implicitly undermined the State's recommendation for a deferred judgment on the attempted burglary offense.

We disagree. "Where the prosecutor technically complied with the plea agreement but expressed material reservation regarding the same, it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *Boldon*, 954 N.W.2d at 71 (quotation omitted). The distinguishing factor of Gruel's case is she bargained for a contested hearing. *See id.* (distinguishing cases of a material reservation regarding the plea agreement and ones where the parties bargained for a contested hearing); *see also Frencher*, 873 N.W.2d at 285 (discussing explicit and implicit material reservations constituting a breach of a plea agreement and citing cases).

The State recommended that Gruel receive a deferred judgment on the attempted burglary offense. Gruel was aware the State would be seeking a sixty-day jail sentence on the misdemeanor charge. That is what occurred. Although the sentencing court did not grant Gruel a deferred judgment on the attempted burglary offense, it was not at the suggestion of the prosecutor. We do not find the prosecutor's statement that Gruel was "being given a very generous offer" constitutes a material reservation, expressly or implicitly. *See Frencher*, 873 N.W.2d at 285. We find Gruel's justified expectations were fulfilled, and she was not denied the benefit of the bargain. *See Boldon*, 954 N.W.2d at 71. Accordingly, we find no breach in the plea agreement.

## IV. Conclusion

We find no abuse of discretion in the district court's considerations and reasoning at sentencing. The State fulfilled its obligations as bargained for by the parties. Accordingly, we affirm Gruel's sentence.

**AFFIRMED**.